UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>             Plaintiff,<br><br>        v.<br><br>H. LONGIA, et al.,<br><br>             Defendants. | Case No. 1:19-cv-01714-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ALL CLAIMS AND DEFENDANTS**<br><br>(ECF No. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS**<br><br>**ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE** |

Pedro Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on December 9, 2019.  (ECF No. 1).

Plaintiff's complaint is based on his belief that he should be provided with lasik surgery, or at least given a consultation with a specialist.  Plaintiff has attached the correspondence with the Health Care Services explaining why he has not been given this surgery, including that the optometrist has told him that lasik surgery would not improve his vision over glasses.

The Court has reviewed the complaint and recommends dismissing the complaint with prejudice for failure to state a claim without leave to amend.

Plaintiff may file objections to these findings and recommendations within twenty-one days of the date of service of this order, which will be reviewed by the district judge.

1

I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

///

///

///

2

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges as follows:

On or about December 16, 2018, Plaintiff submitted a medical 602, requesting laser eye surgery (lasiks). Plaintiff had consulted with the prison optometrist and determined that Plaintiff's vision could not be corrected with glasses. Plaintiff explained that he believed he may be qualified as blind. However, the Health Care Services institutional level response of February 22, 2019 by H. Longia, M.D., Chief physician and surgeon at Valley State Prison, denied his appeal. That letter reviewed Plaintiff's records including the following summary:

> On November 28, 2018 you were seen by an optometrist. It is noted that you had a question wanting to know is [sic] Lasik treatment was possible. The optometrist noted that he discussed with you that elective surgery is not an option, and the best visible acuity with glasses is 20/30; it was also discussed with you that Lasik is not going to make it better than glasses.

(ECF No. 1, at p. 12-13). Plaintiff notes that it was not documented whether this acuity was actually attained. Additionally, Plaintiff states that it is not verified whether the optometrist has had any lasiks training.

Plaintiff attempted to appeal this order. The California Health Care Services provided a response on November 6, 2019. Plaintiff claims that the letter misstated when Plaintiff received an original response. The letter also included the following points:

> On August 5, 2019, you were seen by the primary care provider for issues unrelated to this grievance. The primary care provider did not document any concerns from you regarding your eyesight or a medical indication warranting eye surgery at that time.
>
> There is no recent documentation that you have attempted to access health care services utilizing the approved processes for concerns related to laser eye surgery.

(ECF No. 1, at p. 16). Plaintiff claims that these bullet points are contrary to the earlier response, which shows that Plaintiff was seen by an optometrist, which would not have occurred without a referral by the Primary Care Physician. The optometrist documented Plaintiff's interest and requests for Lasiks treatment. So the statement that there is no recent

3

documentation showing Plaintiff attempted to access health care services utilizing the approved processes is false.

Plaintiff describes how he properly followed the medical request procedures. Petitioner's eyesight has worsened. Plaintiff falls and runs into things. Plaintiff names multiple defendants including Warden Fisher for promulgating an underground custom or policy that screened out Plaintiff's receipt of proper medical attention.

Plaintiff suffers from uncorrectable eyesight that cannot be corrected with glasses and continues to injure himself due to blindness and falling and running into things. Defendants are culpable by conspiratorial behavior with the common objective to deny Plaintiff the appropriate level of care that is usual among doctors of good standing directly or indirectly denying Plaintiff medical attention.

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

**B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff fails to state a claim for violation of his constitutional rights under these standards. Plaintiff does not allege facts showing a serious medical need for Lasik surgery. Plaintiff does not know if Lasik surgery will be at all effective in treating his eyesight loss. The one medical professional who has given an opinion is an optometrist who, even according to Plaintiff, told Plaintiff that Lasik surgery would not make his eyesight any better than glasses.

Additionally, Plaintiff has failed to allege facts that would establish deliberate indifference by any defendant. There are no facts showing that any defendant believed that Plaintiff needed Lasik surgery yet failed to provide that surgery. Instead, the one optometrist

who consulted with Plaintiff on this issue said that Lasik surgery would not help his eyesight over glasses.

Plaintiff's allegations that the optometrist was unqualified and Plaintiff should receive an opinion from a specialist does not state a claim for cruel and unusual punishment under the Eighth Amendment. Plaintiff disagrees with his medical care, but this does not give rise to a constitutional claim. Plaintiff has no support for his contention that the optometrist was unqualified to give an opinion. Moreover, even if that were true, these facts would at most establish that certain prison officials acted negligently, which does not state a constitutional claim under section 1983.

## IV.   CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that Plaintiff failed to state any cognizable claims. Thus, the Court recommends that Plaintiff's complaint be dismissed, with prejudice, for failure to state a claim, and that the Clerk of Court be directed to close this case.

The Court does not recommend granting leave to amend. Although this is Plaintiff's first complaint, his allegations are clear and do not state a claim for a violation of Plaintiff's constitutional rights. Plaintiff's complaint explains in detail why he believes he should receive a consultation for Lasik surgery. Plaintiff attaches documentation from the prison health care services giving the prison's reasons for not providing him with that surgery. Plaintiff states that the optometrist he consulted has told him that Lasik surgery would not be more beneficial than glasses, which is also reflected in the documentation. These facts do not give rise to a constitutional claim for the reasons described above and leave to amend would be futile.

These findings and recommendations will be submitted to the district judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler,

772 F.3d 834, 839 (9th Cir. 2014) (quoting <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

      Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **April 21, 2020**     /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE