IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>H. LONGIA, et al.,<br><br>                    Defendants. | 1:19-cv-01714-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF PRESIDING MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455<br><br>(ECF No. 18) |

   Plaintiff, Pedro Rodriguez, is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 26, 2020, Plaintiff filed a motion to recuse the presiding magistrate judge pursuant to 28 U.S.C. §§ 144 and 455. (ECF No. 18.) For the reasons set forth below, the motion will be denied.

A.  <u>Request for 28 U.S.C. § 144 Recusal</u>

   Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such

> judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 607, 607 (9th Cir.1984) (citation omitted). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. *See id*.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under § 144 and must assign a different judge to hear the matter. *See* 28 U.S.C. § 144; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). On the other hand, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (citation omitted) (citing *Toth v. Trans World Airlines, Inc*., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir.1995).

Plaintiff's affidavit and motion for recusal is substantively insufficient under § 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an *extrajudicial* source, i.e., outside of her rulings on this case. *See Sibla*, 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Plaintiff's motion for recusal alleges bias and prejudice arising solely out of judicial actions taken

by the undersigned. Specifically, Plaintiff complains that the undersigned is biased against him based on the August 26, 2020, order granting Plaintiff a fourth extension of time to file objections to findings and recommendations, but granting only two weeks rather than the four weeks requested by Plaintiff. (*See* ECF Nos. 18, 17.)

The issues raised by Plaintiff in his motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. *See id*. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir.1999) ( "Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Plaintiff's request for recusal under § 144 is thus DENIED.

B. <u>Request for 28 U.S.C. § 455 Recusal</u>

Section 455 provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.

(b) [She] shall also disqualify [herself] in the following circumstances:

(1) Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

28 U.S.C. § 455.

The standard for recusal under § 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011). However, a judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate." *United States v. Sierra Pac. Indus*., 759 F. Supp. 2d 1198, 1200-01 (E.D. Cal. 2010). The decision regarding

disqualification is to be made by the judge whose impartiality is at issue. *In re Bernard*, 31 F.3d 842, 843 (9th Cir.1994) (holding that a motion for recusal must be decided by the very judge whose impartiality is being questioned); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (challenged judge is to rule on legal sufficiency of recusal motion in the first instance).

      Plaintiff's request for recusal under § 455 has failed to present any facts, as opposed to speculation, to suggest impartiality or bias on the part of the undersigned. Instead, as noted above, Plaintiff's affidavit and motion for recusal alleges bias and prejudice arising solely out of judicial actions taken by the undersigned. The undersigned has no knowledge of Plaintiff outside of her work on this case. The Court's judicial rulings alone do not constitute a valid basis for a showing of bias or prejudice. *See Liteky*, 510 U.S. at 555; *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985) ("Frivolous and improperly based suggestions that a judge recuse should be firmly declined."). These prior judicial rulings unfavorable to Plaintiff are a basis for appeal, not recusal. *See Liteky*, 510 U.S. at 555.

      Plaintiff's request for recusal under § 455 is thus DENIED.

IT IS SO ORDERED.

Dated:   **September 8, 2020**          /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE